1
2
3
4
5
6
7
8
9
10
11
12
13

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  N.G., by and through his Guardian Ad Litem, ROSA MARIA MURILLO,<br>15<br>16                 Plaintiffs,<br>17        vs.<br>18  COUNTY OF LOS ANGELES, JERRY<br>19  POWERS, BRIAN YOUNG,<br>    ANTHONY DAVIS, COLLIE<br>20  SIMMONS, and DOES 1 to 10,<br>21  inclusive,<br>22<br>                Defendants.<br>23 | Case No.:  CV13-04985-BRO (RZx)<br><br>(Hon. Beverly Reid O'Connell, Courtroom 14)<br><br>**[PROPOSED] PROTECTIVE ORDER**<br><br>**Complaint Filed:  July 16, 2013**<br><br>NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT |

24
25           [The Court's changes are underscored]
26
27  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**
28

After consideration of the written stipulation of counsel, the Court hereby makes the following order:

1. That the information contained in the documents or items produced or to be produced by the defendants County of Los Angeles, Jerry Powers, Brian Young, Collie Simmons, Anthony Davis and Nattaly Valenzuela Meza (hereinafter "defendants") in response to plaintiff's request for production of documents may contain statements, documents and information which are the basis of certain ongoing employment claims and matters as well as personal and confidential information as to the defendants, and that this protective order protects such confidential and personal information contained in the investigative and employee files of the defendants.

2. That the information contained in the documents or items produced or to be produced by the parties in this matter relative to juveniles who were or are in the custody of the County of Los Angeles, including but not limited to:
   1. N.G.: (Juvenile Case No. FJ49412 / PDJ# P390148) (Date of Birth: 1998);
   2. J.M.: (Juvenile Case No. VJ40831 / PDJ# P340820) (Date of Birth: 1996);
   3. M.M.: (Juvenile Case No. KJ35924 / PDJ# P381244) (Date of Birth: 1995);
   4. J.A.: (Juvenile Case No. FJ44816 / PDJ# P346974) (Date of Birth: 1995);
   in response to discovery may contain statements, documents and information that are statutorily confidential under California Welfare Institutions Code section 827 and the right to privacy.

3. All documents and/or information, including information derived therefrom, (collectively, "Confidential Information") produced by any party or

1 third party, including the County of Los Angeles Superior Court - Juvenile
2 Division, pursuant to any discovery request, subpoena or other provision of the
3 *Federal Rules of Civil Procedure* in the above-captioned litigation regarding
4 personnel or other employment related files of employees of the County of Los
5 Angeles, including but not limited to those of, Brian Young, Collie Simmons,
6 Anthony Davis and Nattaly Valenzuela Meza as well as information referenced
7 in paragraph 2 above will be covered by this Protective Order.

   4. All confidential materials produced shall be marked "CONFIDENTIAL."  If the first page of any multi-page document bears this legend, then the entire document is deemed confidential, unless otherwise indicated by the producing party.  The stamping of the legend "CONFIDENTIAL" is for identification purposes only, and in the event that a document produced is inadvertently not stamped with the legend "CONFIDENTIAL," such document is still subject to the provisions of this Protective Order.

   5. Files, documents, writings and things to be designated as such, include the following:

    Any personnel file(s), background hiring materials or complaints and complaint investigations of any former or current Los Angeles County employee, including, but not limited to performance evaluations, commendations, training records, prior personnel complaints, disciplinary information, compensation information, and information regarding an employee's off duty time, vacation time, sick days, time off, etc.

    The juvenile records related to the following individuals:

    1. N.G.: (Juvenile Case No. FJ49412 / PDJ# P390148) (Date of Birth: 1998);

    2. J.M.: (Juvenile Case No. VJ40831 / PDJ# P340820) (Date of Birth: 1996);

      3.     M.M.: (Juvenile Case No. KJ35924 / PDJ# P381244) (Date of Birth: 1995);

      4.     J.A.: (Juvenile Case No. FJ44816 / PDJ# P346974) (Date of Birth: 1995);

      6.     Challenging Designation of Confidential Materials.  At any time after receipt of documents labeled as Confidential Information, the Receiving Parties may provide the disclosing Parties with a written objection to the classification of specific documents as prohibited from disclosure under this Protective Order and the basis for the Receiving Parties' objection.  Upon receipt of such a written objection, the disclosing Parties shall provide a written response to the Receiving Parties within five business days.  If the Disclosing Parties do not agree with the position of the Receiving Parties, the Receiving Parties shall have the option of proceeding with a discovery motion contesting the confidential nature of the disputed documents.  The parties shall comply with the meet and confer requirements of the *Federal Rules of Civil Procedure*  and the Local Rules of this Court prior to the filing of any such motion.

      7.     All Confidential Information provided in accordance with this Order may be used for all proceedings in this matter only, including law and motion, trial and/or appeal.  However, without limiting the above use, the dissemination of all such Confidential Information will be limited to the same individuals entitled to use/review such Confidential Information as stated herein.  The Court will retain jurisdiction to determine whether any Confidential Information may be used before the Court or in the Court.

      8.     Testimony taken at any deposition, conference, hearing, or trial may be designated as confidential by making a statement to that effect on the record at the deposition or proceeding.  Arrangements shall be made by the taking party with the Court Reporter transcribing such proceedings to separately bind such portions of the transcript containing information designated as confidential, and to label such portions accordingly.  Any request to seal Confidential Information

1  that becomes part of the record shall be made pursuant to court motion.  In the
2  event that the Court rules that the Confidential Information is admissible, then the
3  Court and/or jury may review said Confidential Information in open court in
4  order to determine issues before the Court.

5        9.     All Confidential Information produced in accordance with the Order
6  shall not be used other than the instant case in any deposition, legal proceeding
7  for media use/dissemination, or in any other forum, nor shall the Confidential
8  Information be disseminated in any form, except by court order, or until such
9  time as the "Confidential" designation is removed by agreement of counsel for
10 the parties or by further order of this Court.

11       10.    Confidential Information shall be viewed only by: (1) the Court and
12 its staff; (2) counsel of record for the receiving party, including associates, clerks,
13 and secretarial staff for such parties, (3) the parties to the action, including
14 designated representatives of Defendant County of Los Angeles, (4) witnesses
15 other than the parties may review any statement made by that witness, reports
16 containing, referencing or repeating that witness' statements, and evidentiary and
17 other items referenced in their statements or reports of their statements, so long as
18 that witness has agreed in writing in advance of any disclosure of Confidential
19 Information to be bound by this Protection Order, (5) independent experts and
20 consultants retained by parties, and (6) any associates, assistants, and secretarial
21 personnel of such experts, consultants  and other persons designated by
22 agreement of counsel for the parties, and so long as they have agreed in writing in
23 advance of any disclosure of Confidential Information to be bound by this
24 Protective Order.  In the event an individual does not consent to be bound by this
25 Protective Order, no disclosure of Confidential Information will be made to such
26 individual.  The Court and its staff may review all matters, which pertain to the
27 discussion of the Confidential Information, including law and motion matters,
28 consistent with this confidentiality agreement in respect to the Confidential

Information.  In the event that the Court rules that the Confidential Information is admissible, then the Court and its staff, and/or jury may review said Confidential Information in open court in order to determine issues before the Court.

11. Confidential Information produced in connection with this Order shall not be disclosed, disseminated, or in any manner provided to the media or any member of the public, unless the Court has ruled that the Confidential Information may be divulged to the media and the public.

12. In the event that any Confidential Information is used or referred to during the course of any court proceeding in this action, such Confidential Information shall not lose its confidential status through such use.

13. Those individuals authorized to review the Confidential Information in connection with this litigation are expressly prohibited from duplicating, copying or otherwise distributing, disseminating, or orally disclosing any of the disclosed Confidential Information for any purpose to any person or entity not permitted access herein.

14. Counsel for each party shall take reasonable precautions to prevent the unauthorized or inadvertent disclosure of Confidential Information.

15. In the event that the terms of this Protective Order are violated, the parties agree that the aggrieved party may immediately apply to this Court to obtain injunctive relief and sanctions against any person violating any of the terms of this Protective Order.  This Court shall retain jurisdiction over the parties for the purpose of enforcing this Protective Order, and the Court shall have the power to modify this Protective Order at any time and to impose whatever penalties it deems appropriate for the violation of this Protective Order. Any such request for injunctive relief and/or monetary sanctions must be made by a properly noticed motion and pursuant to statute.

16. This Protective Order, and the obligations of all persons thereunder, including those relating to the disclosure and use of Confidential Information,

1 shall survive the final termination of this case, whether such termination is by
2 settlement, judgment, dismissal, appeal or otherwise, until further order of the
3 court.

4     17. The parties will preserve all such Confidential Information and
5 copies thereof, and will destroy them or return them to the producing party when
6 this litigation is concluded.

8 <u>Notwithstanding anything to the contrary which appears in the foregoing
9 portions of this Order, this Order shall *not* govern in connection with dispositive
10 motions or at trial.  See Foltz v. State Farm Mutual Auto Insurance Co., 331 F.3d
11 1122, 1136 (9th Cir. 2003); Kamakana v. City and County of Honolulu, 447 F.3d
12 1172 (9th Cir. 2006).  Any protection desired in connection with those
13 proceedings must be sought separately from this Order, and must be sought from
14 the judicial officer who will preside at those proceedings.</u>

16 **IT IS SO ORDERED.**

20 Dated: <u>October 07, 2014</u>      By: _____
                                           THE HON. RALPH ZAREFSKY